IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:05-CR-348 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| RICHARD M. CAMPBELL | : | |
| Defendant. | : | |

**ORDER**

April 3, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 28, 2006, this Court received an updated financial affidavit of the Defendant, Richard M. Campbell ("Defendant" or "Campbell) under cover of letter by his court-appointed counsel, John H. Reed, Esq. The updated affidavit was filed to the docket on March 31, 2006. (Rec. Doc. 64).

On August 19, 2005, the day after his arrest, the Defendant completed a financial affidavit. (Rec. Doc. 6). Significantly, the affidavit indicated that he had not received any income within the twelve months preceding the date of the affidavit's completion, and that he only had $5,000 cash on hand or in savings or checking accounts. Pursuant to this affidavit, Magistrate Judge Askey appointed present counsel to appoint the Defendant. (Rec. Doc. 7).

1

On November 21, 2005, a hearing was held before this Court on Defendant's Motion for Pretrial Release. At the hearing, the Defendant testified and this Court asked him numerous questions regarding his assets. At the hearing, we requested that the Defendant provide the Court with an updated financial affidavit so that we could determine the Defendant's need for court-appointed counsel. Meanwhile, the Defendant, through his court-appointed counsel, filed various motions, including a Motion to Suppress. A hearing was held on the Motion to Suppress on January 25, 2006. This Motion is currently pending before the Court.

The Defendant's updated financial affidavit depicts quite a different picture of Campbell's assets than did his initial affidavit. In the updated affidavit, the Defendant indicates that he has $45,400.00 cash on hand or in checking or savings accounts. Moreover, the updated affidavit indicates that within the twelve months preceding the affidavit's completion, he received $1,533.00 monthly in Social Security Disability and a minimal amount monthly in stock dividends. Furthermore, the updated affidavit reveals that Campbell owns shares of stock worth approximately $35,000.00.

In light of the fact that the Defendant has approximately $80,000.00 in liquid assets, this Court cannot, in good conscience, allow Campbell's court-appointed representation to continue. Accordingly, we shall vacate Magistrate Judge Askey's

August 19, 2005 order (doc. 7) appointing counsel for the Defendant.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The August 19, 2005 order (doc. 7) appointing counsel for Defendant is VACATED.

s/ John E. Jones III  
John E. Jones III  
United States District Judge

---

[1] We note for the sake of clarity that, at this juncture, the Defendant has two options. He may proceed *pro se* or retain private counsel. We strongly urge the Defendant to choose the latter.